IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL BEATON,
for JANIE BEATON,

       Plaintiff,                                     CIV S-11-0157 GGH

    vs.

MICHAEL J. ASTRUE,                        ORDER
Commissioner of Social Security,

       Defendant.
_____/

        Presently pending before the court are various motions, including plaintiff's motion to waive service of summons, filed April 5, 2011, plaintiff's motion for default, filed June 22, 2011, defendant's motion to dismiss, filed July 12, 2011, and plaintiff's motion for summary judgment, filed October 11, 2011. The motions cannot be determined at the present time because the complaint must be amended to state the proper plaintiff(s).

BACKGROUND

        Plaintiff Paul Beaton brings this action on behalf of his wife, Janie Beaton. They are proceeding pro se and in forma pauperis. They allege that the Social Security Administration violated the law by requiring Mrs. Beaton to make co-payments of $4.00 for Epogen, a medicine for home dialysis patients, despite a prohibition on this copay by Congress. Plaintiffs further allege that the SSA made false statements to them in informing them and then withholding from them part of Mrs. Beaton's check, claiming she was overpaid. Plaintiffs claim that in fact they

were not overpaid. Plaintiffs further claim that the SSA promised to give them each $672 in payments if they moved to Oregon but they only received $501.50 per person. They also allege that their SSI payments should have been raised due to inflation but the SSA lied to them when it stated that there has been no inflation since 2008, and then took $45 from them four times in 2009. The statutes which plaintiffs claim that defendant violated are the Kidney Disease provisions of Public Law 92-603, the Omnibus Act of 1990, 1991, the Omnibus Reconciliation Act of 1993, and the Rehabilitation Act of 1973. The complaint seeks one million dollars in damages. (Compl. at 1-2.)

DISCUSSION

The complaint is signed by Paul Beaton only, "for Janie Beaton." The complaint itself has no caption, but its content refers to plaintiffs in the plural. Although Janie Beaton did not sign the complaint, she has signed other documents. See e.g. docket nos. 12, 20, 26, 27. In its motion to dismiss, the SSA notes that Paul Beaton is a representative payee for Janie Beaton. (Def.'s Mot. at 6, n. 4.) The motion also argues that Paul Beaton has no standing to raise Janie Beaton's claims, even where he is the representative payee. (Id. at 9-10.) See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Such an action must be dismissed either for lack of jurisdiction or for failure to state a claim. Id.; United States ex rel Rockefeller v. Westinghouse Elec. Co., 274 F. Supp.2d 10, 19 (D.D.C. 2003).

Therefore, before any of the pending motions can be addressed, the complaint must be dismissed with leave to amend to name the proper plaintiff or plaintiffs. As it appears that Paul Beaton may have at least one claim of his own as part of an eligible couple who received California supplemental payments, he may proceed as a plaintiff. Most of the other claims are particular to Janie Beaton alone, however, and therefore she must be named as a plaintiff if she intends to proceed with her claims. On amendment, all named plaintiffs must sign the complaint. See E. D. Local Rule 131(b).

\\\\

1	The court has reviewed the motion to dismiss and must inform all potential
2	plaintiffs that if they seek amendment, their complaint will most likely be dismissed.  First, there
3	is no allegation of exhaustion of administrative remedies and therefore the court has no
4	jurisdiction over claims for which exhaustion is required.
5	The Social Security Act provides only for judicial review of final decisions of the
6	Commissioner of Social Security.  42 U.S.C. § 405(g).  Section 405(g) requires a final judgment
7	from the Secretary before seeking judicial review.  The Commissioner has promulgated
8	regulations that define a "final decision."  Under these regulations, a claimant must follow a set
9	procedure: (1) an initial  decision in the state agency; (2) a request for reconsideration thereof;
10	and (3) a request for a hearing before an Administrative Law Judge ("ALJ") for the Social
11	Security Administration.  20 C.F.R. §§ 404.933, 416.1433.  Regardless of whether the ALJ
12	grants the hearing, the claimant must take a fourth step and appeal the ALJ's decision to the
13	Appeals Council.  A "final decision" of the Secretary results only if the Appeals Council grants
14	the review and renders a decision in the case, or if the claimant makes a timely demand for
15	review that is denied.  20 C.F.R. §§ 404.981, 416.1481; Heckler v. Day, 467 U.S. 104, 106-7
16	(1984).
17	According to the evidence attached to the motion to dismiss, most of the claims
18	have not been exhausted, including the SSA decision to reduce SSI payments to $762 per month,
19	starting May 1, 2009, as a result of a change in California law, the claim that the SSA lied to the
20	Beatons about how much their payments would be if they moved to Oregon, the claimed
21	violation of law in assessing copayments for Epogen, and that the SSA lied to them regarding
22	inflation and that their SSI payments should have been raised due to inflation.
23	Furthermore, the reduction in payments based on plaintiff's move to Oregon was a
24	result of losing California's payments, and not based on any action by the SSA.  (Id. at ¶ 18.)
25	Therefore, California's decision to reduce payments was not an initial determination subject to
26	administrative review by the SSA.  Plaintiff seeks a remedy for a state's decision to reduce

payment from a federal agency which has no authority over this decision.  The only appealable determination was the SSA's *calculation* of benefits based on California's change in payments.

Additionally, in regard to the Janie Beaton's claim of forced copayments for Epogen, even if this claim were exhausted, the proper defendant is the Secretary of Health and Human Services, not the SSA.  42 U.S.C. § 1395ff(a)(1).

With respect to any claim of overpayment, based on Janie Beaton's request for reconsideration of that decision, the SSA found in her favor and determined not to collect the stated overpayment. (Baker Decl. at ¶ 21, Ex. 3 at 1.)  Therefore, this claim is moot.

Mr. and Mrs. Beaton are informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that: the complaint is dismissed with leave to amend to name the proper plaintiff(s), within twenty-eight (28) days of this order.  Failure to file an amended complaint will result in dismissal of this action.

Dated: October 17, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/beaton0157.amd.wpd